Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52649.**—New York Commercial Agency v. United States, protest 136624–K (New York).

Opinion by EKWALL, J. An examination of the record disclosing nothing that would warrant the court in disturbing the finding of the collector, which was presumptively correct, the protest was overruled.

**No. 52650.**—Dextar Fur Corp. et al. v. United States, protests 104220–K, etc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, NOVEMBER 4, 1948

**No. 52651.**—China Importing Co. et al. v. United States, protests 72851–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of mah jong sets, artificial ivory figures, and other articles composed of synthetic resin similar in all material respects to the articles which were the subject of Abstracts 51306 and 51959. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52652.**—George Borgfeldt Corp. et al. v. United States, protests 135063–K, etc. (New York).

Opinion by OLIVER, C. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52653.**—Ciba Pharmaceutical Products, Inc. v. United States, protest 139133–K (New York).

Opinion by Cole, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52654.**—Ciba Pharmaceutical Products, Inc. *v.* United States, protests 139711–K, etc. (New York).

Opinion by Cole, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52655.**—Dextar Fur Corp. et al. *v.* United States, protests 140894–K, etc. (New York).

Opinion by Mollison, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was therefore sustained.

**No. 52656.**—Sam Forwand Co. et al. *v.* United States, protests 141606–K, etc. (New York).

Opinion by Mollison, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was therefore sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 4, 1948

**No. 52657.**—B. Altman & Co. *v.* United States, protest 137891–K (New York).

Opinion by Tilson, J. In accordance with stipulation of counsel that certain items of the merchandise consist of knitted wool scarves similar in all material